UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In the Matter of:

ISHRAT A. REHMETULLAH                    CASE NO. 6:14-bk-5453-CCJ
SHAMA REHMETULLAH

    Debtors.
_____/

## MOTION TO ALLOW LATE FILED CLAIM OF OYSTER BAY INVESTMENTS, LLC

COMES NOW OYSTER BAY INVESTMENTS, LLC ("OYSTER BAY"), by and through their undersigned attorneys, and files this their Motion to allow late filed claim of Oyster Bay, and as grounds therefor would state as follows:

1. Oyster Bay has filed a claim, admittedly late, that is claim #8. Miro LLC ("Miro") filed claim #4.

2. The legal entities known as Oyster Bay and Miro, have the same principals.

3. The principals hired attorney James Monroe to represent what was understood to be both legal entities.

4. This bankruptcy includes creditors who are all known to each other and friends to the principals of Oyster Bay and Miro.

5. The late filed claim by Oyster Bay is asked to be accepted and deemed a timely filed claim pursuant to Bankruptcy Rule 9006(b)(1), as "Oyster Bay" urges it was due to excusable neglect, mistake, inadvertence that it did not file a Proof of Claim for both Miro and Oyster Bay. The claims of both legal entities are both contained in the same money judgment

1

both Miro and Oyster Bay attach to their Proof of Claim.

6. Alternatively, Oyster Bay asks the Court to consider the Final Judgment attached to the Miro Proof of Claim #4 to be deemed an informal Proof of Claim filed by Oyster Bay. The Judgment also contains a Judgment in the Oyster Bay name.

7. In <u>McCoy Management Services, Inc.</u>, 44 BR 215,217 (Bankr. W.D. Ky., 1984), a test was set out that the informal Proof of Claim (1) must be in writing; (2) must contain a demand by the creditor on the estate; (3) it must be filed with the Bankruptcy Court; (4) must express an intent to hold the Debtor liable for the debt; and (5) the facts of the case must make the allowance equitable. See also <u>In re Charter Co.</u>, 876 F.2d 861, 873 (11th Cir., 1989), cert. dismissed 496 U.S.944,110 S.Ct. 3232; 110 L.Ed.2d 678(1990) for a less stringent test.

8. In our case, the elements are met because the Final Judgment is in writing; a Final Judgment is a demand to be paid; the Final Judgment was filed with the Court. It holds the Debtor liable, and equitably there is no surprise to any one that Oyster Bay wants to be paid.

9. Oyster Bay suggests the Court schedule a preliminary hearing to determine what if any objections are filed to this motion, and if any objection is filed, to determine necessary witnesses and trial time. However, preliminarily, movant believes one hour will be a sufficient amount of time.

10. Other than Miro, the other major creditor who timely filed a Proof of Claim, is Mr. And Mrs. Nitha who filed Claim #3 in the amount of $60,450, and Claim #6 in the amount of $147,498.

WHEREFORE, Oyster Bay prays the Court allow Oyster Bay's claim #8 to be allowed as a timely filed claim.

I HEREBY CERTIFY that a true copy of the foregoing was furnished by United States Mail/electronic transmission to BransonLaw, PLLC, 1501 East Concord St., Orlando, Florida 32803 jeff@bransonlaw.com and Richard B. Webber, II, Trustee, 315 E. Robinson St., #600, Orlando, Florida 32801 rwebber@zkslawfirm.com, and Mr. And Mrs. Nizar Mitha, 9217 Hidden Bay Lane, Orlando, Florida 32819 this 30th day of June, 2016.

_____
Raymond J. Rotella, Esq.
Kosto & Rotella, P.A.
Post Office Box 113
Orlando, Florida 32802
Telephone 407/425-3456
Facsimile 407/423-5498
Fla. Bar No. 157951
rrotella@kostoandrotella.com
Attorneys for Oyster Bay Investments, LLC